Jose **APARICIO–MENDOZA,** Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 05–73357.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007.*

Filed May 23, 2007.

Camille Kim Cook, Fresno, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Harold M. Sklar, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Jose Aparicio–Mendoza, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal of an immigration judge's ("IJ") decision denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evi-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

dence the BIA's determination regarding continuous physical presence in the United States. *Lopez–Alvarado v. Ashcroft,* 381 F.3d 847, 850–51 (9th Cir.2004). We grant the petition for review and remand.

The BIA denied Aparicio–Mendoza's application on adverse credibility grounds. The IJ, however, did not make a credibility finding and the BIA is proscribed from doing so without prior notice to the petitioner. *See Mendoza Manimbao v. Ashcroft,* 329 F.3d 655, 659 (9th Cir.2003).

Substantial evidence does not support the agency's finding that Aparicio–Mendoza did not demonstrate his continuous physical presence for ten years prior to August 31, 1998. Many documents corroborate Aparicio–Mendoza's testimony regarding his presence in 1991 and thereafter. Regarding the earlier period, he testified that he entered the United States as a tourist in April 1987, made short visits to Mexico on several occasions over the next five years, and returned using his passport. *See Lopez–Alvarado,* 381 F.3d at 854. His passport indicates that he first entered the United States on April 23, 1987. A witness testified that Aparicio–Mendoza was present at a party in California in December 1987, at the witness's wedding in December 1989, and at the baptisms of the witness's daughters who were born in 1989 and 1991. Aparicio–Mendoza's California driver's license was issued on January 5, 1989. Two business licenses issued in approximately June 1988 and June 1990 named him as co-owner of a restaurant in California. Aparicio–Mendoza's testimony is also corroborated by records from a California bank, church records, and a school document indicating that his oldest son registered at public schools in California in January and September 1989.

Aparicio–Mendoza's sister and two of his brothers-in-law testified consistently that he arrived in 1987, that they saw him regularly over the ensuing years, and that he made only short visits to Mexico. He listed on his application form six visits to Mexico between 1987 and 1992, totaling 114 days, all of them inspected and admitted. The difference between 114 days and the three month estimate that Aparicio–Mendoza gave in his testimony is immaterial and both numbers are below the 180–day statutory limit. *See id.* at 854; *see also* 8 U.S.C. § 1229b(d)(2). Substantial evidence also does not support the BIA's conclusion that a witness was inconsistent when he stated that over the course of several years he saw Aparicio–Mendoza at least once a week in California and yet also testified that Aparicio–Mendoza went to Mexico for "weeks" on several occasions.

The IJ made no findings regarding hardship or moral character and we therefore remand for further proceedings.

**PETITION FOR REVIEW GRANTED; REMANDED.**